**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| GABRIEL GIGENA, *et. al.*, | Case No. 3:23-CV-00552-MMD-CLB |
| Plaintiffs, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| v. | |
| STEPHEN B. RYE, *et. al.*, | |
| Defendants. | |

Before the Court is Plaintiff Gabriel Gigena ("Gigena") and Trevor Allen Oranday's ("Oranday") (collectively referred to as "Plaintiffs") civil rights complaint ("Complaint"). (ECF No. 1.) Gigena, but not Oranday, also filed an application to proceed *in forma pauperis*, (ECF No. 2). For the reasons stated below, the Court recommends the Complaint (ECF No. 1), be dismissed, as outlined below, and Gigena's *in forma pauperis* application, (ECF No. 2), be granted.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis*. The application must

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1    be made on the form provided by the court and must include a financial affidavit disclosing

2    the applicant's income, assets, expenses, and liabilities."

3         "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

4    some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th

5    Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely

6    destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

7    335 U.S. 331, 339 (1948).

8         A review of the application to proceed *in forma pauperis* reveals Gigena cannot

9    pay the filing fee. Accordingly, the Court recommends that the motion, (ECF No. 2), be

10   granted.

11   **II.    SCREENING STANDARD**

12        Prior to ordering service on any Defendant, the Court is required to screen an *in*

13   *forma pauperis* complaint to determine whether dismissal is appropriate under certain

14   circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28

15   U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint

16   for the enumerated reasons). Such screening is required before a litigation proceeding

17   *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507

18   (9th Cir. 2015).

19        "[T]he court shall dismiss the case at any time if the court determines that – (A)

20   the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or

21   malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

22   monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

23   1915(e)(2)(A), (B)(i)-(iii).

24        Dismissal of a complaint for failure to state a claim upon which relief may be

25   granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. §

26   1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint

27   under this statute, the court applies the same standard as is applied under Rule 12(b)(6).

28   *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for

determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

III.    **DISCUSSION**

A.    **This Action Should be Dismissed as to Plaintiff Oranday**

As a preliminary matter, the Court notes that *pro se* litigants have the right to plead and conduct their own cases personally. 28 U.S.C. § 1654. As a general rule, *pro se* parties may not pursue claims on behalf of others in a representative

capacity. *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules ("SCR")—is duly authorized to represent a client in Nevada. *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS 7.285). Although an individual is entitled to represent himself in the district court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in Nevada courts. *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994) (citing SCR 44). Therefore, an individual "has no right to be represented by an agent other than counsel in a court of law." *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (citing SCR 77; NRS 7.285).

While the relationship between Plaintiffs Gigena and Oranday is unclear to the Court, it is clear that this action was initiated by non-attorney Plaintiff Gigena—who filed the application to proceed *in forma pauperis* and signed the Complaint—and not Plaintiff Oranday. Because a *pro se* party cannot represent another *pro se* party, the Court recommends that this action be dismissed, without prejudice, as to Oranday, to allow Oranday to file an application to proceed *in forma pauperis* and initiate this lawsuit on his own behalf. The Court will now move to the screening of the Complaint.

### B. Screening of Complaint

In the Complaint, Gigena sues Defendants District Attorney Stephen B. Rye, Lyon County Sheriff Brad Pope, and Lyon County, State of Nevada (collectively referred to as "Defendants"). (ECF No. 1 at 2.) The Complaint states the defendants are conspiring together to deny Gigena "the free exercise of rights stated and are attempting to evade the obligations of their contract." (*Id.* at 4.) The Complaint also states Gigena has been denied equal protection and "attempt to maliciously prosecute" him. (*Id.*) The Complaint, as currently pled, makes it nearly impossible for the Court to identify the factual or legal basis for Gigena's claims. Gigena does not provide sufficient information to determine

which causes of action he wishes to proceed under, nor does he show how he is entitled to any relief. Because the Court has insufficient information to determine whether Gigena can state a claim for relief, Gigena's complaint should be dismissed, in its entirety, with leave to amend.

Accordingly, the Court recommends that Gigena be granted leave to file an amended complaint to cure the deficiencies of the complaint. If Gigena chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Gigena should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, he must allege true facts sufficient to show that the Defendant violated his rights. Gigena may not amend the complaint to add unrelated claims against other defendants.

The Court notes that, if Gigena chooses to file an amended complaint curing the deficiencies, as outlined in this order, Gigena should file the amended complaint within 30 days from a decision on this report and recommendation. If Gigena chooses not to file an amended complaint curing the stated deficiencies, the Court will recommend dismissal of this action for failure to state a claim.

## IV. CONCLUSION

For the reasons articulated above, the Court recommends that the Complaint, (ECF No. 1), be dismissed, without prejudice and without leave to amend, as to Oranday, and dismissed, with leave to amend as to Gigena, and Gigena's application to proceed *in forma pauperis*, (ECF No. 2), be granted.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Gigena's application to proceed *in forma pauperis*, (ECF No. 2), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Complaint, (ECF No. 1), be:

- **DISMISSED, WITH LEAVE TO AMEND** as to Gigena; and
- **DISMISSED, WITHOUT PREJUDICE, AND WITHOUT LEAVE TO AMEND** as to Oranday.

**IT IS FURTHER RECOMMENDED** that if Gigena chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Gigena shall file the amended complaint within **30 days** after a decision on the report and recommendation. If Gigena chooses not to file an amended complaint curing the stated deficiencies of the complaint, the Court will recommend that this action be dismissed for failure to state a claim.

**DATED**: _November 13, 2023_ .

_____
**UNITED STATES MAGISTRATE JUDGE**