UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| GABRIEL GIGENA, *et al.*, | Case No. 3:23-cv-00552-MMD-CLB |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| STEPHEN B. RYE, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiffs Gabriel Gigena and Trevor Allen Oranday bring a civil rights complaint (ECF No. 1 ("Complaint")) under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 7), recommending that the Court dismiss the Complaint with leave to amend as to Gigena, dismiss the Complaint without prejudice and without leave to amend as to Oranday, and grant Gigena's application to proceed *in forma pauperis* ("IFP") (ECF No. 2).[1] Plaintiffs had until November 27, 2023 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). Here, Judge Baldwin recommends dismissing this action as to Oranday because a *pro se* party cannot represent another *pro se* party and this action was clearly initiated by non-attorney Gigena who filed the IFP application and signed the Complaint. (ECF No. 7 at 4.) Judge Baldwin

---

[1] Oranday did not file an IFP application.

also recommends dismissing the Complaint with leave to amend as to Gigena because the Complaint does not provide sufficient information for the Court to identify the factual or legal bases for Gigena's claims. (*Id.* at 4-5.) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

To be clear, this means that Gigena may file a first amended complaint. If Gigena chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be a complete pleading. This means that the amended complaint must contain all facts and claims and identify all defendants that he intends to sue. Gigena must file the amended complaint within 30 days of the date of this order. Failure to do so will result in the dismissal of this case.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

It is further ordered that Gigena's application to proceed *in forma pauperis* (ECF No. 2) is granted.

It is further ordered that the Complaint (ECF No. 1) is: (1) dismissed with leave to amend as to Gigena; and (2) dismissed without prejudice and without leave to amend as to Oranday.

It is further ordered that if Gigena chooses to file an amended complaint curing the deficiencies identified in this order, Gigena must file the amended complaint within 30 days of the date of this order. Failure to do so will result in the dismissal of this action for failure to state a claim.

DATED THIS 1st Day of December 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE