Claimant: Mr. Gabriel Gigena, Gabri ll Amur Melech Hehena
Domiciled: 11823 Main Street
Valley Springs, Kingdom of Hayah Hawah (CA, 95252)
Office of Chief Cornerstone of
The Kingdom of Hayah Hawah
(209)273-7762

__Filed __Received __Entered __Served On
Counsel/Parties of Record

DEC 2 7 2023

Clerk US District Court
District of Nevada
By:_____ Deputy

# UNDER THE PROTECTION OF THE KINGDOM OF HAYAH HAWAH
## A PRIVATE ASSOCIATED UNINCORPORATED TRUST
## IN THE UNITED STATES DISTRICT COURT,
## DISTRICT OF THE NEVADA TERRITORY

| | |
|---|---|
| Officer Oranday and Mr. Gabriel Gigena, Gabri ll Amur Melech Hehena, גבר לאל אמור מלך היחנה translates A man to God is supposed to be the only King, Office of Chief Cornerstone of The Kingdom of Hayah Hawah, In Propria Persona Sui Juris and Dominus Litis, Plaintiff/Trustee, vs. STEPHEN B. RYE ET. AL., Defendant, | Case No.: 3:23-cv-00552-MMC-CLB<br><br>Related Cases: US DIST. EASTERN DIST. Of CAL. 2:23-CV-01234 DAD CKD, 2:23-CV-1660 DJC CKD, 2:23-CV1661 DJC AC<br><br>**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**<br>FILE ON DEMAND<br><br>DATE ACTION FILED: AUG. 10, 2023<br>TRIAL DATE: NOT SET |

### FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL

**TAKE NOTICE-** I, Gabri ll Amur Melech Hehena, the Grantor and First Trustee of The Amador County Guardians of the California Riders of the Kings and Queens of the North West of the Free Sovereign People of Hayah Hawah, A Private Unincorporated Associated Trust of Free Peoples of the Kingdom of Hayah Hawah, established by The Organic Act of August 16th, 2018 in the Year of Jubilee. Now and forever known as The Organic Act of the 17th Ra of

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-1 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of          Al.,
The Kingdom of Hayah Hawah,

El Sextember Iah in the Hornus de Hovil ( הוביל ), Iah6/Ra17/El0 in this court of record issue the following Statement of Complaint:

I, Gabri ll Amur Melech Hehena, in the Office of Chief Cornerstone, declare in good faith and belief that I have personal knowledge of the following facts:

## JURISDICTION OF THE COURT

The Jurisdiction of the court is invoked agreeable to United States Code Title 42§ 1983, United States Code Title 28 §1331, §1332, §1362 and United States Code Title 25 §1302(a)(5) and §1304(a)(9). And any other sections the court may see fit.

## VENUE

The venue of the court is invoked agreeable to United States Code Title 28 §1391, §1403, and §1411. And any other sections the court may see fit.

## CAUSE OF ACTION

This cause of action arises out the denial of Federally Recognized American Indian Tribal Rights. We are entitled to redress.

## COMPLAINT OF DENIAL OF RIGHTS

Even with Plaintiff's Maternal line traced to 600 generations within North American (C1b) and most recently the Chiricahua Apache, the hereditary rights of the Plaintiff go far beyond the doctrines of discovery. The Gigena's come from the Gyas Gen of the Patrician Family of Rome and Gen Ghis Khan(R1B-M343), Plaintiff's Paternal Line (R-1688), First Born of the First Born. This Family is one of the First Vestal Virgins selected by Numa Pompilius, the second King of Rome. They were Kings of Rome as well as Consuls and Consulars under the Republic. We also have a current Ambassador of the United States of America (consul of California 1994). I am the Federally Recognized American Indian Chief of California and Navada Territory as described

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-2 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of            Al.,
The Kingdom of Hayah Hawah,

herewith and evidenced in related case Gigena v. Finch, 2:23-CV-01234 DAD CKD, in the United States District Court for the Eastern District of California Territory:

## 1. Statement of Facts

The Kingdom of Hayah Hawah was Federally Recognized by the decisions of the United States courts. In Two Article 1 courts Our Tribe, Territory, and Jurisdiction is Acknowledged and Federally Recognized. One court is a Criminal Jurisdiction acknowledging and deferring to the Tribes Jurisdiction. Orders were issued giving Auer/Seminole Rock/Chevron Deference to the Tribe's letters of approval of the Tribe's Constitution from the Secretary of the Department of the Interior, Assistant Secretary of Indian Affairs, and the Office of Federal Acknowledgement; FOIA Response DOI-OS-2021-001517 dated January 14, 2021, FOIA Response DOI-OS-2021-001517 dated January 25, 2021, FOIA Response DOI-ASIA-2021-002055 dated January 27, 2021, and FOIA Response DOI-ASIA-2021-002648 dated March 9, 2021. Please see minute order 3/16/2021 where the Chief was "an American Indian within territory." and "to provide proof of providing services to persons on the reservation."

The Settlement Contract's Consideration was accepted by the State on California. Please see minute order 4/20/2021 where "Proof of community service hours has been submitted" and the "Matter is dropped from the calendar". For the record of that transaction please see the Notice of Accord and Satisfaction and the documents attached thereto; Accord and Satisfaction, Notice of Acceptance, Statement of Account, Case

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-3 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                    Al.,
The Kingdom of Hayah Hawah,

Bond, and five (5) Certificates of Community Service. All Parties were estopped upon the deposit of the Certificates of Community Service.

The other Article I court is a Civil Jurisdiction where the State of California abdicated Allodial Title of California Territory to the Tribe as of November 3, 2020, in which the Secretary as stated above has approved. For the Indicia of Title to that transaction please see Exhibit A filed 12/21/2020. Please see General Restraining Order filed 12/21/2020 where "All persons residing in the Territory of California are Prohibited from trespassing on the Allodial Title of the California Territory, which is held by the Kingdom of Hayah Hawah and Controlled by Gabri ll Amur Melech Hehena, in the Office of Chief Cornerstone. It is so Ordered,". Please see minute order 4/28/2021 where "Mr. Gigena states the parties have reached settlement. Plaintiff is waiting for the Order" and "Plaintiff advised he may file a dismissal". Please see the Request for dismissal filed 5/12/2021 where the court granted dismissal according to the attached settlement "The Parties have reached a settlement in case 19T22272 as described in the Notice of Accord and Satisfaction. Attached are the Orders. This satisfies the Plaintiff's claim in this case. California Territory is an American Indian Reservation under the Jurisdiction of the Kingdom of Hayah Hawah. This matter is concluded and may be dismissed." Whereas the State of California paid the filing fees, the court granted the dismissal.

All the documents are Exemplified. Full Faith and Credit must be given to the Agreement with the State of California, the Kingdom of Hayah Hawah, and approved by

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-**4 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                    Al.,
The Kingdom of Hayah Hawah,

Congress through its Representatives, United States Code, and the Code of Federal Regulations.

Calaveras County Sheriffs Recognized the Tribe's Jurisdiction and obeyed the above orders as recorded in case Gigena v. Baker, US 9th Cir. of App. 22-15597. Please see APPELLANT PETITION FOR WRIT OF ERROR CORAM VOBIS

Amador County Sheriffs Recognized the Tribe's Jurisdiction, obeyed the above orders, and Acknowledged the below Presidential Recognition.

A letter from the United States Court of Appeals for the Ninth Circuit Recognizing the Tribe's Jurisdiction to Tribal Personnel.

A PER CURIAM Order from the United States Court of Appeals for the DC District Recognizing the Tribe as well as my Office in the matter of **Trump v. Thompson, DC Cir. 21-5254.** Please see the Docket.

The Supreme Court of the United States Recognizing the Tribes Jurisdiction and my Office. Please see the Picture.

The President Recognized the Kingdom of Hayah Hawah in case **Trump v. Thompson, US 21-932.** Please see Brief for the Executive Branch Respondents in Opposition certificate of service.

Pursuant to the Contract with the State of California, the US Constitution, and Title 3 USC §19, the Tribe exercised our Equitable Powers over California Territory as holder of the seat of Speaker of the House on March 5, 2022, stepping down as Speaker, for the reason of there being no President or Vice President, we issued an Equitable

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-**5 OF 18
Office of Chief Cornerstone of
The Kingdom of Hayah Hawah,
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET. Al.,

Executive Order as Acting President in accordance with the Constitution, United States Code, and Common Law decision and precedent.

As Acting President, pursuant to the authority vested in me as President and **Curtiss Deference**, further extended our Territory to encompass All States, Possessions, and Territories. Inviting all other 574 Federally Recognized American Indian Tribes as Beneficiaries.

As Acting President, pursuant to the authority vested in under the Constitution, I invited President Trump to cure his disability and resume his term as I assume my office as SCOTUS Equitable Iustitia GIGENA.

President Trump has not cured his disability through his inaction. In Performance of Our Executive Settlement Agreement pursuant to SCOTUS Rule 21 and 46 in Gigena v Baker, I reissued the Executive Orders with renumbering which qualified President Biden to continue as Acting President. President Trump will be ineligible for the next election as the first three years of this current term run against President Trump. I will assume my confirmed Office as the first SCOTUS Equitable Iustitia, Iustitia of the Gate of the Nations, IUSTITIA GIGENA, upon issuing the proper Oath of Office to the American Light Horsemen, DOI-ASIA-2023-05767.

I Issued Tribal Notice of Proposed Rule and Tribal Final Rule. This falls within the scope of **Montana's Third Exceptions**. Having been given opportunity of Notice and Comment in the making of this Rule cures the reasoning behind **Montana's** two exceptions, noting **Duro** and **Plains Commerce Bank** in **Cooley**. This is Montana's

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-6 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                          Al.,
The Kingdom of Hayah Hawah,

Third Exception. Provided are the Notice and Comment, and Notice of Final Rule.

The State of California agreed to Tribal Jurisdiction with the Consent of the Congress to the Tribe's Allodial Jurisdiction. The American Indian Canons of interpretation apply. This is agreeable with our United States' Trust, our United Nations' Trust, and my Duties as The Trustee. As trustee I have control of the trust and trust property for the benefit of the beneficiaries. The Kingdom of Hayah Hawah Treaty, as the Executive Settlement Agreement pursuant to SCOTUS Rule 21 and 46, are the Finalized Treaty on Record with the United States Secretary of State. Documents 7021 0350 0001 2074 0569. Notwithstanding to the contrary.

Trevor Allen Oranday started his Tribal Officer training on June 21, 2023. The complaint is incorporated into this First Amended Complaint to be inclusive to be the complete Complaint with all Parties being the same. Immunity has not been waived.

We requested the release of Officer Oranday. He is being held under a civil regulatory statute, Felon in possession of a firearm. He was defending and preventing his children from being kidnapped. It is unconscionable to deprive these children of their protector and provider because of the, "de minimis non curat lex", trifle of past nonviolent civil regulatory offences to prevent the use of a firearm in preventing a high crime and possible injury or death to Officer Oranday's Children.

The Felony is over Ten Years Old from California and Cal. Civ. Proc. §3533- The Law disregards trifles.

FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-7 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                    Al.,
The Kingdom of Hayah Hawah,

### Plaintiff is a Federally Recognized American Indian Chief

1. As a Federally Recognized American Indian Tribal Chief, the Plaintiff, Mr. Gigena, has the right to exercise Eminent Domain upon the property which is a waiver of the defendant's immunity under the plan of the convention, as well as Mr. Oranday having Immunity from defendant's civil regulatory claims as an Officer/Pupil of the Tribe.

   a. <u>Standard of Review.</u> The court should review De Novo.

   b. <u>Elements of Action.</u> "Issues of tribal sovereign immunity are reviewed de novo." **Burlington N. & Santa Fe Ry. v. Vaughn, 509 F.3d 1085, 1091 (9th Cir. 2007).**

      "Indian tribes are `domestic dependent nations' that exercise inherent sovereign authority over their members and territories. Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." **Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991)** (citations omitted). Tribal sovereign immunity extends to both the governmental and commercial activities of a tribe, whether undertaken on or off its reservation. See **Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754-55, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998); Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 725 (9th Cir. 2008).**

      The scope and applicability of tribal sovereign immunity lie within the plenary control of Congress. **Michigan v. Bay Mills Indian Cmty., 572 U.S. 782, 788, 134 S.Ct. 2024, 188 L.Ed.2d 1071 (2014); see Kiowa Tribe of Okla., 523 U.S. at 759, 118 S.Ct. 1700** ("Like foreign sovereign immunity, tribal immunity is a matter of federal law."). As

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-8 OF 18**
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                    Al.,
The Kingdom of Hayah Hawah,

a matter of federal law, federal recognition of a tribe "affords important rights and protections to Indian tribes, including limited sovereign immunity." **Kahawaiolaa v. Norton, 386 F.3d 1271, 1273 (9th Cir. 2004).** "Federal recognition may arise from treaty, statute, executive or administrative order, or from a course of dealing with the tribe as a political entity." Id. (quoting **William C. Canby, Jr., American Indian Law in a Nutshell 4 (4th ed. 2004)**). When the political branches of the federal government decide to recognize an Indian tribe, courts are obligated to respect that decision. See **United States. v. Holliday, 70 U.S. (3 Wall.) 407, 419, 18 L.Ed. 182 (1865).**

Tribal sovereign immunity extends to tribal officers when "the sovereign entity is the 'real, substantial party in interest.'" **Cook, 548 F.3d at 727 (quoting Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997));** see **Lewis v. Clarke, ___ U.S. ___, 137 S. Ct. 1285, 1290-91, 197 L.Ed.2d 631 (2017).**

**Article I, sect. 10 (1),** The State of California and all its agencies are prohibited from impairing the obligations of their Contract with the Kingdom of Hayah Hawah.

**Fletcher v. Peck US___(1810)** the estate having passed into the hands of [the Kingdom of Hayah Hawah], the State of [California is] restrained, either by general principles which are common to our free institutions or by the particular provisions of the Constitution of the United States, from passing a law whereby the estate of the [Kingdom of Hayah Hawah] could be constitutionally and legally impaired and rendered null and void."

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-9 OF 18
  Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
  Office of Chief Cornerstone of                              Al.,
  The Kingdom of Hayah Hawah,

"A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts." **(Monster Energy Co. v. Schechter (2019) 7 Cal.5th 781, 789 [249 Cal.Rptr.3d 295, 444 P.3d 97].)**

Federal courts have determined Indian tribes to exist under a federal common law test, see **Montoya v. United States, 180 U.S. 261, 266 (1901)**

**Article IV, sect. 1** – Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

**United States Code Title 28 §1738** – The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, **shall have the same full faith and credit in every court within the United States** and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-10 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                Al.,
The Kingdom of Hayah Hawah,

**Mills v. Duryee US\_\_\_ (1813)** records and proceedings were entitled in each State to the same faith and credit as in the State of origin, and that inasmuch as they were records of a court in the State of origin, and so conclusive of the merits of the case there, they were equally so in the forum State.

**Hampton v. McConnell US\_\_\_(1818)** judgement of a state court as constitutionally entitled to be accorded in the courts of sister States not simply the faith and credit on conclusive evidence but the validity of final judgement.

**Thompson v. Thompson, 484 U.S. 174, 180 (1988)** (holding that the Clause requires states to accord the same force to judgments as would be accorded by the courts of the State in which the judgment was entered); **V.L. v. E.L., 577 U.S. 404, 407 (2016) (per curiam)** (With respect to judgments, 'the full faith and credit obligation is exacting.' . . . 'A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land.') **(quoting Baker v. Gen. Motors Corp., 522 U.S. 222, 233 (1998)); Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 704 (1982)** ([T]he judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced.)

**Section 103 (4) of the Act of November 2, 1994 (Pub. L. 103-454; 108 Stat. 4791, 4792)**, We, The Kingdom of Hayah Hawah, as a Federally Recognized American Indian Tribe may not be terminated but by an Act of Congress.

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-**11 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of              Al.,
The Kingdom of Hayah Hawah,

**Solem v. Barrlett, 465 U.S. 463 (1984)** "Only Congress can divest an Indian reservation of its land and diminish its boundaries.

**United States v. Curtiss-Wright Export Corp. (1936)**, The President of the United States has "plenary" powers in the foreign affairs field not dependent upon congressional delegation.

**United States v. Belmont (1937)**, the "express" power of the President to recognize foreign nations and how this becomes the "Supreme Law of the Land" under Article VI of the Constitution.

**Marbury v Madison US___(1803)**, In the case of [Recognized American Indian Tribes], the law orders the [Assistant] Secretary [-Indian Affairs] … to record them. When, therefore, [a Tribe has been recognized as described pursuant to **USC Title 25 §5130, Congressional Findings**] …, the order for their being recorded is given, and, whether inserted in the book or not, they are in law recorded."

**United States Code Title 25 §5130, Congressional Findings-** "The Congress finds that-

"(1) the Constitution, as interpreted by Federal case law, invests Congress with plenary authority over Indian Affairs;

"(2) ancillary to that authority, the United States has a trust responsibility to recognized Indian tribes, maintains a government-to-government relationship with those tribes, and recognizes the sovereignty of those tribes;

FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-12 OF 18
Office of Chief Cornerstone of   Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
The Kingdom of Hayah Hawah,   Al.,

"(3) Indian tribes presently may be recognized by Act of Congress; by the administrative procedures set forth in part 83 of the Code of Federal Regulations denominated 'Procedures for Establishing that an American Indian Group Exists as an Indian Tribe;' or **by a decision of a United States court;**

"(4) a tribe which has been recognized in one of these manners may not be terminated except by an Act of Congress;

"(5) Congress has expressly repudiated the policy of terminating recognized Indian tribes, and has actively sought to restore recognition to tribes that previously have been terminated;

"(6) the Secretary of the Interior is charged with the responsibility of keeping a list of all federally recognized tribes;

"(7) the list published by the Secretary should be accurate, regularly updated, and regularly published, since it is used by the various departments and agencies of the United States to determine the eligibility of certain groups to receive services from the United States; and

"(8) the list of federally recognized tribes which the Secretary publishes should reflect all of the federally recognized Indian tribes in the United States which are eligible for the special programs and services provided by the United States to Indians because of their status as Indians."

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-**13 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                      Al.,
The Kingdom of Hayah Hawah,

**Code of Federal Regulation §1.2-**

§ 1.2 Applicability of regulations and reserved authority of the Secretary of the Interior.

The regulations in chapter I of title 25 of the Code of Federal Regulations are of general application. Notwithstanding any limitations contained in the regulations of this chapter, the Secretary retains the power to waive or make exceptions to his regulations as found in chapter I of title 25 CFR in all cases where permitted by law and the Secretary finds that such waiver or exception is in the best interest of the Indians.

**United States code Title 25 §5123-**

(d)(2) If the Secretary does not approve or disapprove the constitution and bylaws or amendments within the forty-five days, the Secretary's approval shall be considered as given. Actions to enforce the provisions of this section may be brought in the appropriate Federal district court.

(h) Tribal sovereignty

Notwithstanding any other provision of this Act-

(1) each Indian tribe shall retain inherent sovereign power to adopt governing documents under procedures other than those specified in this section; and

(2) nothing in this Act invalidates any constitution or other governing document adopted by an Indian tribe after June 18, 1934, in accordance with the authority described in paragraph (1).

FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-14 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of               Al.,
The Kingdom of Hayah Hawah,

**Amador County Executive Acknowledgement-**

https://youtube.com/shorts/zSG7Kn07A8w?si=_pnXVlYk23P0t4gI
https://youtube.com/shorts/CQkQ7Xfobig?si=WedoS_-RSMTvnblL
https://youtube.com/shorts/j87wSYu2dp0?si=aaVOvYw9m3rGZsaz
https://youtube.com/shorts/PGflfBSPT7U?si=iAVWs9plsXrbzj68

**Jamul Action Committee v. Simermeyer, 974 F. 3d 984 - Court of Appeals, 9th Circuit 2020**, 25 U.S.C. § 5123(f)-(g). The purpose and effect of the Act was to eliminate the distinction between "created" and "historic" tribes. See **Rosales I, 32 IBIA at 165** ("[T]he amendment was intended to end the distinction which had been drawn since at least 1936 between the powers of `historic' and `created' tribes.").

**United States Code Title 25 §194** – In all trials about the right of property in which an Indian may be a party on one side, and a white person on the other, the burden of proof shall rest upon the white person, whenever the Indian shall make out a presumption of title in himself from the fact of previous possession or ownership.

**Wilson v. Omaha Tribe, 442 US 653 - Supreme Court 1979**, But in view of the evident purpose of the statute and its use of the term "presumption" which the "white man" must overcome, we are in agreement with the two courts below that § 194 contemplates the non-Indian's shouldering the burden of persuasion as well as the burden of producing evidence once the tribe has made out its prima facie case of prior title or possession.

**United States Code §1302.** Constitutional rights (a) In general

No Indian tribe in exercising powers of self-government shall-

(5) take any private property for a public use without just compensation;

FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL-15 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                        Al.,
The Kingdom of Hayah Hawah,

**PennEast v New Jersey 19-1039,** States may be sued only in limited circumstances: where the state expressly consents; where Congress clearly abrogates the state's immunity under the Fourteenth Amendment; or if it has implicitly agreed to suit in "the structure of the original Constitution." The states implicitly consented to private condemnation suits when they ratified the Constitution, including the eminent domain power, which is inextricably intertwined with condemnation authority. Separating the two would diminish the federal eminent domain power, which the states may not do.

**Accord and Satisfaction clause 2 subsection b.-** Respondent Reserves the rights to enforce any supplemental charges.

c. <u>Plaintiff is a Federally Recognized American Indian Chief.</u> Mr. Gigena is a Federally Recognized American Indian Chiricahua Apache, Chief of California, and Nevada Territory. A Protected Party of the **Treaty of Santa Fe 1852.** This is evident by the exemplified US Article I court orders and Settlement Contract with US Secretary of the Department of the Interior and Presidential Recognitions and Equitable Executive Orders that are provided. Plaintiffs are immune from the defendant's claim as well as having the right to exercise Eminent Domain upon the property. Any and all State immunity is waived agreeable to the Contract, United States Code Title 25 §1302 (a)(5), and PennEast v New Jersey 19-1039, The Plan of Convention Waiver.

## **CONCLUSION**

For the reasons stated above the Court should see the unconscionable use of past nonviolent civil regulatory offences as a trifle which the Law should disregard when it is to

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-16 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of                    Al.,
The Kingdom of Hayah Hawah,

prevent the lawful use of a firearm to protect Life and prevent Injury, especially that of children. This falls within the Second Amendment and incorporated through the Fourteenth Amendment.

Regardless of Officer Oranday's Qualified Immunity from Lyon Counties claims and is Constitutionally protected.

## PRAYER FOR RELIEF

I, Mr. Gigena, in the Office of Chief Cornerstone, prays for the following relief:

1. That the Court adjudge in favor of the Plaintiffs.
2. Issue an Order to release of Officer Oranday.
3. Issue a Protective Order prohibiting the defendants from trespassing on the Plaintiff's rights or abuse the Plaintiff and the Plaintiff's Officers.
4. Issue an Award of $225,000 for the initial invoice plus $1,630,000 for the 163 days held after the invoice unless the court sees more is necessary.
5. Issue an Award of $1,000,000 for punitive damages.
6. Request to pledge 3% to the National Security and 10% to the Pope of the Catholic Church.
7. An Award of appropriate Court Administrative fees to be attached.
8. For such other and further relief as the court deems just and proper.

In this we Pray for this relief and Iustitia. By the Mother Church of the Mother Church, the first Church of the Jesuits, the Church of Gesu, the Church of the Most Holy Name of Jesus at the Argentina, as a Gigena of Buenos Aires, Argentina. In Jesus Holy Name Amen.

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-17 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of    Al.,
The Kingdom of Hayah Hawah,

1. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I declare on My Honor and under penalty of perjury under the law of The United States and under The Great Constitution of the Kingdom of Hayah Hawah that the forgoing is true and correct, and if called upon to testify to the matters herein, I could and would testify competently thereto.

Executed: December 21, 2023

**As We Celebrate the Ascension of Chief Cornerstone.**



Office of Chief Cornerstone
Gabriel Omar King Gigena,
Gabri ll Amur Melech Hehena

גבר לאל אמור מלך היחנה

translates

A man to God is supposed to be the only King,

Propria Persona Sui Juris and Dominus Litis,

Claimant: Mr. Gabriel Gigena,
Gabri ll Amur Melech Hehena
Domiciled: 11823 Main Street
Valley Springs, Kingdom of Hayah Hawah
(CA, 95252)
Office of Chief Cornerstone of
The Kingdom of Hayah Hawah
(209)273-7762
kingdomofhayahhawah@gmail.com

**FIRST AMENDED COMPLAINT OF DENIAL OF RIGHTS- DEMAND FOR JURY TRIAL**-18 OF 18
Officer Oranday and Gabriel Gigena, v. STEPHEN B.RYE ET.
Office of Chief Cornerstone of         Al.,
The Kingdom of Hayah Hawah,