# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GABRIEL GIGENA, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN B. RYE, *et. al.*, <br><br> Defendants. | Case No. 3:23-CV-00552-MMD-CLB <br><br> **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Gabriel Gigena ("Gigena") amended civil rights complaint ("Amended Complaint"). (ECF No. 9.) For the reasons stated below, the Court recommends the Amended Complaint, (ECF No. 9), be dismissed, with prejudice.

## I. BACKGROUND

On November 13, 2023, this Court issued a report and recommendation on Gigena's application to proceed *in forma pauperis* and Gigena's original complaint. (ECF No. 7.) The Court recommended that Gigena's application to proceed *in forma pauperis* be granted, and the complaint be dismissed because there was insufficient information to determine whether Gigena could state a claim for relief. (*Id.*) On December 1, 2023, the District Court adopted and accepted the report and recommendation and thus Gigena was given leave to amend the complaint to rectify, if possible, the deficiencies outlined in the original complaint. (ECF No. 8.) On December 28, 2023, Gigena filed the instant Amended Complaint, (ECF No. 9), which the Court will now screen.

## II. SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

circumstances. See *Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.   DISCUSSION**

The Amended Complaint, like the original complaint, is difficult to understand. Gigena indicates that he seeks relief under 42 U.S.C. § 1983 based on "denial of our Federally Recognized American Indian Tribal Rights," as well as violation of his rights to the Second Amendment and Fourteenth Amendment. (ECF No. 9.) The Amended Complaint goes on to list several statutes and court cases, and in some instances asks the Court to review specific dockets and/or various filings in those cases. (*See id.*) Gigena ultimately requests that the Court issue various forms of relief, for example: (1) "an Order to release [] Officer Oranday"; (2) "[i]ssue a Protective Order prohibiting the defendants from trespassing on the Plaintiff's rights or abuse [of] the Plaintiff and the Plaintiff's Officers"; and (3) monetary damages, including a "[r]equest to pledge 3% to the National Security and 10% to the Pope of the Catholic Church." (*Id.* at 17.)

The Amended Complaint, as currently pled, makes it nearly impossible for the Court to identify the factual or legal basis for Gigena's claims. Gigena does not provide sufficient information to determine which causes of action he wishes to proceed under, nor does he show how he is entitled to any relief. The Amended Complaint does not contain a "short and plain" statement identifying Gigena's claims, explaining the underlying facts or plaintiff's entitlement to relief, or the relief that is sought, even though

those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to Gigena is unclear from the Amended Complaint, which does not clearly state what any of the named defendants did to violate Gigena's rights. The Court cannot tell from examining the Amended Complaint what legal wrong may have been done to Gigena, by whom and when, or how any alleged harm is connected to the relief Gigena seeks.

Second, the Amended Complaint does not state any claim upon which relief can be granted. Though Gigena lists rights that he believes have been violated, he does not connect any facts to violations of specific constitutional rights. It is not enough for a plaintiff to state generally that his rights were violated; to state a claim upon which relief can be granted, a plaintiff must clearly identify claims for legal relief, and then support those claims with related facts.

Because the Court has already given Gigena an opportunity to amend his complaint, and he has failed to adequately amend to state a claim, the Court does not find further leave to amend to be appropriate. *See Cato*, 70 F.3d at 1106. Accordingly, the Court recommends that Gigena's Amended Complaint, (ECF No. 9), be dismissed, with prejudice, as further amendment would be futile.

**IV.     CONCLUSION**

For the reasons articulated above, the Court recommends that the Amended Complaint, (ECF No. 9), be dismissed, with prejudice, as further amendment would be futile. *See Cato*, 70 F.3d at 1106.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any

notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Gigena's Amended Complaint, (ECF No. 9), be **DISMISSED, WITH PREJUDICE**, as further amendment would be futile.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: ___January 4, 2024___.

_____
**UNITED STATES MAGISTRATE JUDGE**

5